**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMAL SALAH SHEHADEH,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 05-398-GPM** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 04-40004-GPM** |
| **UNITED STATES OF AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  This motion was filed by Petitioner, *pro se*, and the Government has not been ordered to respond.  For the reasons set forth below, the motion is summarily denied.

Petitioner's criminal case originally was assigned to the Honorable J. Phil Gilbert.  On April 28, 2004, Petitioner pleaded guilty, without a plea agreement, to one count of making a threatening communication in violation of 18 U.S.C. § 844(e).  Specifically, Petitioner pleaded guilty to threatening to use an explosive to destroy a building at Southern Illinois University in Carbondale, Illinois.  On July 30, 2004, Petitioner was sentenced to a term of imprisonment of time-served (97 days), three years of supervised release, a $1,000 fine, and a $100 special assessment.  The conditions of supervised release were modified in an amended judgment on September 29, 2004.  A motion and amended motion to revoke Petitioner's supervised release were filed, and Judge Gilbert granted the petition for an arrest warrant to issue thereon.  Thereafter, Judge Gilbert recused from the criminal case, and it was assigned to the undersigned for further proceedings.  This Court revoked Petitioner's

supervised release on November 29, 2004, and sentenced Petitioner to three months imprisonment

followed by three years supervised release.  On December 20, 2004, Petitioner appealed the judgment

revoking supervised release, and on May 13, 2005, the Court of Appeals allowed Petitioner to dismiss

the appeal.  On June 6, 2005, Petitioner filed the instant motion under § 2255.[1]

The standard for § 2255 relief is well-settled.

> Collateral relief under section 2255 is available if any legal error in taking a prisoner's
> guilty plea or sentencing him subsequent to that plea was "jurisdictional,
> constitutional, or is a fundamental defect which inherently results in a complete
> miscarriage of justice."  However, a section 2255 motion is neither a recapitulation
> of nor a substitute for a direct appeal.  As a result, there are three types of issues that
> a section 2255 motion can*not* raise:  (1) issues that were raised on direct appeal,
> absent a showing of changed circumstances; (2) nonconstitutional issues that could
> have been but were not raised on direct appeal; and (3) constitutional issues that were
> not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for
> the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by*

*Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994) (internal citations and footnote omitted)

(emphasis in original).  Therefore, "claims not raised on direct appeal are barred from collateral

review unless upon review, [the court is] convinced that a failure to consider the issue would amount

to a fundamental miscarriage of justice."  *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir.

2000).[2]

In his motion, Petitioner raises two cursory arguments:  (1) Judge Gilbert had "conflicts of

---

[1]Subsequent to the filing of this petition, Petitioner's supervised release was again
revoked, and Petitioner was sentenced to twelve months imprisonment on February 28, 2006.
Petitioner has appealed that judgment, and the appeal is pending before the Seventh Circuit Court
of Appeals.

[2]Most ineffective assistance of trial counsel claims, which Petitioner does not assert here,
are properly raised for the first time in a § 2255 motion rather than on direct appeal.  *McCleese v.
United States*, 75 F.3d 1174, 1178 (7th Cir. 1996); *see also Fountain v. United States*, 211 F.3d
429, 433-34 (7th Cir. 2000).

interest" at the time he presided over Petitioner's guilty plea and sentencing; and (2) the conditions

of supervised release ordered by Judge Gilbert were too vague.  The purported conflict of interest is

described as follows in a request for new trial filed in the criminal case:  "The sentencing judge had

a conflict of interests in that he was made aware of an alleged threat towards him by the defendant

prior to his acceptance of the defendant's guilty plea and prior to his sentence of probation and the

conditions thereof" (criminal no. 04-40004-GPM, Doc. 53).  Petitioner/Defendant continues that "had

the defendant been made aware of the judge's conflict of intrests [sic], he would have requested that

the judge recuse himself" (*Id*.).  So basically Petitioner is complaining of a purported conflict that he

allegedly created.  Sadly, this is not uncommon.  *See generally In re: Nettles*, 394 F.3d 1001 (7th Cir.

2005), and cases cited therein.  In *Nettles*, the Seventh Circuit Court of Appeals agreed with other

courts to address the issue that a threat to a judge that appears to be genuine and not just motivated

by a desire to recuse the judge requires recusal.  394 F.3d at 1002.  As an initial matter, Judge

Gilbert's involvement in this matter ended before the Court of Appeals issued its ruling in *Nettles*.

Nonetheless, Judge Gilbert knew what this Court has learned.  This young man is delusional and is

more kitten than tiger.  While Petitioner may be an annoyance to the larger society, Judge Gilbert did

not surmise that Petitioner was any credible threat to him.  Federal judges are accustomed to such

chattering.  A judge is required to recuse in cases where he has been genuinely threatened because

a reasonable observer would think that such judge would want the defendant convicted and given a

longer sentence than the defendant might otherwise receive.  *See Nettles*, 394 F.3d at 1003.  But

Judge Gilbert sentenced Petitioner to 97 days time-served when the sentencing guideline range was

1 to 7 months.  There was no bias nor any appearance of bias.  Finally, Petitioner failed to raise this

issue on direct appeal; he has shown neither cause nor prejudice in his failure to do so; and it does

not qualify as a fundamental defect which inherently results in a complete miscarriage of justice.  *See*

*Belford*, 975 F.2d at 313.

Additionally, Petitioner complains that his special conditions of supervision "were so vague that neither the court nor the probation office completely understood them" (Doc. 1). This issue was addressed at the November 29, 2004, revocation hearing, and the Court rejected Petitioner's argument (*see* Transcript at Doc. 61). Petitioner did not file a direct appeal of the original or amended judgment entered by Judge Gilbert, and he dismissed his appeal of the judgment entered upon the first revocation of his supervised release (*see* Doc. 66). Therefore, Petitioner cannot raise this issue in a § 2255 motion. *See Belford*, 975 F.2d at 313; *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived without even taking cause and prejudice into account.").

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  05/05/06

<div style="margin-left: 50%;">

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

</div>